```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND

DANIEL C. GAY,                        :
      Plaintiff,                      :
                                      :
   v.                                 :    CA 07-403 M
                                      :
MICHAEL J. ASTRUE,                    :
COMMISSIONER,                         :
SOCIAL SECURITY ADMINISTRATION,       :
      Defendant.                      :
```

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff Daniel C. Gay ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act").  Plaintiff has filed a motion to reverse the Commissioner's decision.  Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further administrative proceedings.

With the parties' consent, this case has been referred to a magistrate judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).  I find that remand to the Commissioner is appropriate. Accordingly, I order that Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Document ("Doc.") #8) ("Motion to Remand") be granted and that Plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. #7) ("Motion to Reverse") be granted to the extent that the matter be remanded for further administrative proceedings.

## Discussion

Defendant requests that his final decision in this case be reversed, that a judgment be entered, and that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g). See Memorandum of Law in Support of Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Defendant's Mem.") at 1. Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant states that: "Following consideration by the Appeals Council, Defendant has determined that remand would be appropriate because the administrative law judge ("ALJ") failed to consider the opinion of the medical expert, Dr. Ruggiano, that Plaintiff was markedly limited in socialization." Defendant's Mem. at 1 (internal citation omitted).

Plaintiff initially did not consent to Defendant's Motion to Remand based on his objection to Defendant's desire to reopen a subsequent application filed by Plaintiff which resulted in Plaintiff being awarded benefits. See Plaintiff's Memorandum in Response to Defendant's Motion to Remand (Doc. #9) ("Plaintiff's Mem.") at 1 ("Plaintiff's attorney had conferred with the Defendant's representatives and expressed his agreement to the remand of this matter and his objection to the proposed reopening of Plaintiff's subsequent approval."); see also Defendant's Mem. at 2 ("Plaintiff's counsel does not consent to remand because it would result in a reopening of the subsequent favorable claim."). However, Plaintiff states that "[u]pon reviewing Defendant's motion, Plaintiff understands that the Defendant is requesting

remand but is not requesting an order reopening said subsequent application.[1]  Accordingly, Plaintiff consents to the relief requested."[2]  Plaintiff's Mem. at 1.

The Court agrees that remand is warranted.  Accordingly, I order that the Commissioner's decision be reversed, that the matter be remanded to the Appeals Council for further administrative proceedings, and that judgment be entered for Plaintiff.  The Appeals Council shall direct an ALJ to reevalate Plaintiff's mental impairments for the relevant period, with specific consideration given to the opinion of the medical expert, Dr. Ruggiano.

### Conclusion

I order that Defendant's Motion to Remand be granted and that Plaintiff's Motion to Reverse be granted to the extent that the matter be remanded to the Commissioner for further administrative proceedings as outlined above.  Judgment shall enter for Plaintiff.
So ordered.


ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 8, 2008

---

[1] As Defendant notes, see Defendant's Mem. at 2, this Court has no jurisdiction over the subsequent claim, see Baker v. Sullivan, 880 F.2d 319, 321 (11th Cir. 1989)(noting that when district court remanded case for reconsideration it had no jurisdiction over subsequent award of benefits because "[n]o appeal from that claim had been taken to the district court").

[2] The Court originally scheduled a hearing on the Motion to Remand.  See Docket.  However, based on Plaintiff's "consent[] to the relief requested," Plaintiff's Mem. at 1, the Court subsequently cancelled the hearing, see Docket.